**Gustavo RIOS, Plaintiff-Appellant,**

v.

**OREGON AUTOMOBILE INSURANCE COMPANY, a corporation, et al., Defendants-Appellees.**

**No. 72–3036.**

United States Court of Appeals, Ninth Circuit.

April 16, 1973.

Glenn D. Ramirez, Ramirez & Hoots, Klamath Falls, Or., for plaintiff-appellant.

Lee Johnson, State Atty. Gen., John W. Osborn, Sol. Gen., Al J. Laue, Clayton Hess, Asst. Attys. Gen., Charles Paulson, Gerald R. Pullen, Portland, Or., for defendants-appellees.

Before MERRILL, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

This appeal is from an order granting defendants' motion for summary judgment and dismissing the complaint. We agree with the court below that the section of Oregon's Workmen's Compensation Law in question, O.R.S. 656.210(3), is constitutional and is a permissible legislative classification.

Appellant complains that farmworkers, and therefore members of racial minorities, are treated differently from other workers under Oregon law. The statute provides, in pertinent part, that workers receive two thirds weekly wages while disabled, with a stated maximum and minimum. Farmworkers are subject to this rule except that their weekly wage base is calculated by taking one fifty-second of the wages earned during the previous twelve months. The difference in treatment reflects the seasonal nature of farm work. In fact, a farmworker will receive the same benefits as any other worker earning the same annual wage.

It may well be that farmworkers generally get lower benefits than other workers because they earn less. But such economic discrimination in social welfare legislation is justified by a "reasonable basis" for the distinction. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). It is permissible for the Oregon legislature to scale workmen's compensation benefits to wages earned.

Affirmed.